**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 11, 2009
Decided March 12, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2474

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Indiana, Hammond Division. |
| *v.* | |
| | 2:07 CR 60 PS |
| NEVILLE WILLIAMS, | |
| *Defendant-Appellant*. | Philip P. Simon, *Judge*. |

**O R D E R**

Neville Williams was indicted on three counts of distributing crack, *see* 21 U.S.C. § 841(a)(1), one count of possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1), and one count of possessing marijuana, *see* 21 U.S.C. § 844(a). In a plea agreement the government agreed to drop the last four counts and to recommend a sentence at the bottom of the guidelines range; in return, Williams agreed to plead guilty to one count of distributing crack and to waive his right to appeal. The district court accepted the government's

sentencing recommendation and imposed a term of 151 months' imprisonment under the career-offender guideline, *see* U.S.S.G. § 4B1.1. Williams appealed, but his appointed counsel have moved to withdraw because they cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Williams to respond to counsels' submission under Circuit Rule 51(b), but he declined to do so. We limit our review to the potential issues counsel identify. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because Williams does not wish to set aside his guilty plea, counsel properly refrain from examining the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel consider one potential issue not foreclosed by Williams's appellate waiver: whether the district court relied on a constitutionally impermissible factor in calculating Williams's sentence. *See United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005). They ask whether the judge, at sentencing, may have expressed an inappropriate "personal stake" in the case. While reviewing Williams's criminal history, the judge remarked that Williams's prior conviction for threatening another judge was "an extremely serious offense" that "not surprisingly, I take personally." Any such claim of unconstitutional bias would be frivolous. First, although due process requires a fair proceeding before an unbiased judge, a claim of bias rises to the level of constitutional significance only in an extreme case, such as where the judge has "'a direct, personal, substantial, pecuniary interest'" in the outcome. *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821-22, 824 (1986) (quoting *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)); *see Bracy v. Gramley*, 520 U.S. 899, 904-05, 909 (1997). But more importantly, the judge's comment taken in the context of the record as a whole does not reflect any kind of bias. It came in the midst of the judge's extensive discussion of William's history and characteristics, his lengthy criminal record, the circumstances of his offense, and the "positive road" that he appeared to be on. The judge even remarked that he was "rooting for [Williams]" and wished him the best of luck.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.